In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00075-CR


______________________________




NOAH DWYER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 85th Judicial District Court


Brazos County, Texas


Trial Court No. 27,998-85




 




Before Morriss, C.J., Ross and Grant,* JJ.


Memorandum Opinion by Justice Ross


*Ben Z. Grant, Justice, Retired, Sitting by Assignment



MEMORANDUM OPINION



 Noah Dwyer appeals his conviction for possession of marihuana in a quantity
greater than four ounces, but less than five pounds. See Tex. Health & Safety Code
Ann. § 481.121 (Vernon Supp. 2003). Dwyer pled guilty without a plea agreement, and the
trial court sentenced him to two years' confinement in a state jail facility and ordered him
to pay a $1,000.00 fine.

 In the same proceeding, Dwyer pled guilty to the charges in three other indictments: 
(1) one count of delivery of marihuana in a quantity greater than one-quarter ounce, but
less than five pounds, and one count of delivery of lysergic acid diethylamide (LSD) in a
quantity of less than twenty abuse units, for which he was sentenced to two two-year terms
of confinement in a state jail facility and ordered to pay two $1,000.00 fines; (2) two counts
of delivery of cocaine in an amount greater than one gram, but less than four grams, for
which he was sentenced to two fifteen-year terms of imprisonment and ordered to pay two
$1,000.00 fines; and (3) one count of possession of cocaine in an amount greater than four
grams, but less than 200 grams with intent to deliver, and one count of possession of LSD
in a quantity greater than eighty abuse units but less than 4,000 abuse units with intent to
deliver, for which he was sentenced to two fifteen-year terms of imprisonment and ordered
to pay two $1,000.00 fines. The trial court ordered all sentences to run concurrently. 
Dwyer has also filed appeals from those convictions, which we address in separate
opinions.

 Dwyer contends the trial court abused its discretion in sentencing him to
confinement rather than placing him on community supervision. We review a sentence
imposed by the trial court for abuse of discretion. Jackson v. State, 680 S.W.2d 809, 814
(Tex. Crim. App. 1984). As a general rule, a penalty assessed within the proper
punishment range will not be disturbed on appeal. Id.

 Dwyer was convicted of a state jail felony. See Tex. Health & Safety Code
Ann. § 481.121(b)(3). The punishment range for the offense is not less than 180 days nor
more than two years' confinement and a fine not to exceed $10,000.00. Tex. Pen. Code
Ann. § 12.35(a), (b) (Vernon 1994). Dwyer's punishment of two years' confinement and
a $1,000.00 fine is within the statutory range.

 Further, the evidence at Dwyer's trial supports the trial court's decision. Officer
Wayland Rawls testified he first had contact with Dwyer through a confidential informant
while working undercover. Rawls testified Dwyer explained to him how to grow marihuana
plants in his home and discussed going to Dallas to purchase LSD. Rawls purchased
twenty LSD abuse units and some potted marihuana plants from Dwyer at that meeting. 

 Rawls testified that on another occasion he purchased one-eighth ounce of cocaine
from Dwyer. He testified Dwyer told him that he paid his bills by selling drugs, that he
ensured repeat business by selling undiluted cocaine, and that he went to Dallas several
times a week to purchase drugs. Rawls testified that on the same occasion he saw several
bags of cocaine in Dwyer's possession. 

 Rawls testified that on another occasion Dwyer agreed to purchase LSD in Dallas
if Rawls paid him in advance. On yet another occasion, a confidential informant purchased
forty-seven abuse units of LSD from Dwyer. 

 Rawls also testified he accompanied Dwyer to Dallas to purchase drugs. He
testified Dwyer sold him 420 abuse units of LSD, having previously agreed to sell him 500,
but having held back eighty units. Dwyer also purchased a pound of marihuana for
himself. Rawls testified that on this trip he saw Dwyer in possession of over four grams of
cocaine in a cigarette box. 

 It was on the way back from Dallas that officers stopped the vehicle, arrested Dwyer,
and seized the LSD, cocaine, and marihuana. Deputy Eddie Ramirez, who transported
Dwyer to jail, testified he found several small bags containing a white, powdery substance, 
later identified as cocaine, where Dwyer had been seated in his patrol car. Officer Robert
Wilson testified he took a statement from Dwyer in which he denied the marihuana and
cocaine found in Ramirez' car were his, but admitted he held back eighty abuse units of
LSD from Rawls, whom he still did not know was a police officer.

 Betty Meier, a community supervision officer with the Brazos County Community
Supervision and Corrections Department, testified she prepared a presentence
investigation report on Dwyer. She testified Dwyer admitted selling cocaine, LSD,
methamphetamine, and marihuana since he was fourteen years old. She testified Dwyer
told her he made between $200.00 and $3,000.00 per week selling drugs. She also
testified Dwyer admitted he was in a gang from the time he was thirteen years old until two
years before his arrest. Meier further testified she did not consider Dwyer a good
candidate for admission to a drug rehabilitation program because he only admitted
smoking marihuana and infrequent cocaine use, and did not indicate any desire to change
his behavior. 

 Carolyn Brunson, Dwyer's girlfriend who pled guilty to a drug possession offense
and agreed to testify against him, testified Dwyer would go to Dallas once or twice each
month to purchase LSD. She testified she witnessed Dwyer sell LSD and marihuana to
a minor. She also testified Dwyer essentially lived off selling drugs, and he frequently
smoked marihuana.

 Dwyer testified he had been selling drugs since he was fourteen years old. He
would do so to offset the cost of his own drug usage. He testified he did not make much
money selling drugs because he did not sell in large quantities. He testified this was the
first time he had dealt in the quantities of drugs for which he was charged in the present
case. He testified he had been addicted to marihuana, but was not addicted any longer. 
He testified he lied to Meier when he told her he did not use LSD and when he did not
disclose to her he had been selling drugs since he was fourteen. 

 Dwyer contends the trial court never considered his application for community
supervision and that he had no prior criminal convictions. But the trial court detailed
specifically the factors it considered in sentencing him. Those factors included the
sentencing range for the offense, protection of society, protection of any possible victims,
deterrence, and rehabilitation. As factors in mitigation, the trial court considered there were
no allegations that Dwyer used violence or a weapon in connection with the offenses and
that Dwyer pled guilty. The trial court also expressed concern about the amount of drugs
involved and the length of time Dwyer had been selling drugs. 

 The trial court then made the following statement, "And then I make a decision
whether or not to do the probation." The trial court told Dwyer it was not going to place him
on community supervision because it could not trust his sincerity, in view of the fact he lied
to police and community supervision officers after his arrest. 

 While the trial court did not specifically mention the fact Dwyer had never been
convicted of a crime, it was certainly aware of this fact because Dwyer's attorney
mentioned it in his opening and closing arguments. Given the record before us, we
conclude the trial court did not abuse its discretion in assessing Dwyer's punishment.

 We affirm the trial court's judgment.



 Donald R. Ross

 Justice


Date Submitted: September 13, 2002

Date Decided: February 6, 2003


Do Not Publish



ideWhenUsed="false" Name="Dark List Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00204-CR

                                                ______________________________

 

 

                                  STEVEN DALE DUNCAN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 124th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 38,917-B

 

                                                       
                                           

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Steven
Dale Duncan appeals from the revocation of his community supervision and the
adjudication of his guilt.  Duncan had
been given deferred adjudication on his plea of guilty pursuant to an agreement
to plead guilty to a lesser-included offense. 
Two months later, the State filed a motion to adjudicate due to Duncans
failure to pay fees and fines, to perform community service work, and his
failure to report.  Duncan stipulated to
the truth of each ground for revocation, and at the hearing, pled true to each
ground.  The trial court revoked his
community supervision, adjudicated him guilty, and sentenced him to eight years
imprisonment.

            Duncans
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail. Counsel has thus provided a professional evaluation of
the record demonstrating why, in effect, there are no arguable grounds to be
advanced.  This meets the requirements of
Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1981); and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Duncan on May 3, 2011, informing him
of his right to file a pro se response and of his right to review the
record.  No response has been filed.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  

            We
have determined that this appeal is wholly frivolous.  We have independently reviewed the clerks
record and the reporters record, and find no genuinely arguable issue.  See
Halbert v. Michigan, 545 U.S. 605, 623 (2005).  We, therefore, agree with counsels
assessment that no arguable issues support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 82627 (Tex. Crim. App. 2005).  

            In
a frivolous appeal situation, we are to determine whether the appeal is without
merit and is frivolous, and if so, the appeal must be dismissed or
affirmed.  See Anders, 386 U.S. 738.

            We
affirm the judgment of the trial court.[1]

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          July
12, 2011

Date Decided:             July 13, 2011

 

Do Not Publish











[1]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsels request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either
retain an attorney to file a petition for discretionary review or appellant
must file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See
Tex. R. App. P. 68.3.  Any petition for discretionary review should
comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P.
68.4.